Christopher J. Reichman  SBN 250485
PRATO & REICHMAN, APC
8555 Aero Drive, Suite 303
San Diego, CA 92123
Telephone: 619-683-7971
Email: chrisr@prato-reichman.com

Attorney for Plaintiff
PAUL SAPAN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISON

| | |
|---|---|
| PAUL SAPAN,<br><br>          Plaintiff,<br>     vs.<br><br>REAL ESTATE LAW CENTER, P.C., a California Professional Corporation, CHAD T. PRATT, an individual,<br><br>          Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES, INCLUDING PUNITIVE DAMAGES, INTEREST AND ATTORNEY'S FEES, AND FOR INJUNCTIVE RELIEF**<br><br>**Violation(s) of Telephone Consumer Protection Act of 1991**<br>**Trespass to Chattel**<br>**Unfair Business Practices** |

COMES NOW Plaintiff PAUL SAPAN (hereinafter referred to as "Plaintiff") who alleges as follows:

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff is, and at all times herein mentioned was, a resident of the County of Los Angeles, but has recently moved to the County of Orange, State of California.

2. Defendant Real Estate Law Center, P.C. ("RELC") is, and at all times herein mentioned was, a professional corporation, doing business in the County of Los Angeles, State of California.

3. Defendant Chad Pratt ("Mr. Pratt") is, and at all times herein mentioned was, an individual doing business in the County of Los Angeles, State of California.

4. This case is filed pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 et. seq.  The U.S. Supreme Court recently decided that federals courts have federal question subject matter jurisdiction over such civil actions under 28 U.S.C. §§ 1331 and 1441.  *Mims v. Arrow Fin. Services, LLC*, -- U.S. --, 132 S.Ct. 740, 753 (2012).  The state law claim herein arises out of a common nucleus of operative facts and is subject to supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5. At all times herein mentioned each defendant was the partner, agent and employee of each co-defendant herein and was at all times acting within the

scope of such partnership, agency and employment and each defendant ratified the conduct of each co-defendant herein.

## FACTUAL SUMMARY

6. Defendants made one (1) prerecorded call to PAUL SAPAN's home phone number (310-444-1999) wherein they tried to pitch their debt consultancy services on November 28, 2012 at 12:16pm using Caller ID ("CID") number 877-688-8396.

7. On November 28, 2012, Defendants called Mr. Sapan's home telephone transmitting a CID of 701-929-0159.

8. Mr. Sapan answered the call and prerecorded message played offering mortgage services. It directed him to call "Real Estate Law Center" and gave their number.

9. Mr. Sapan did in fact call the number given solely in order to figure out who was making the call and why.

10. A person identifying himself as "Sebastian" answered the phone and confirmed that the prerecorded call was from RELC and tried to sell their mortgage services.

11. Having gotten the information he needed, Mr. Sapan politely instructed RELC not to call him anymore and hung up.

12. Mr. Sapan's home phone has been listed on the federal "Do Not Call" registry maintained by the Federal Trade Commission from December 23, 2007 to the present.

13. While each of the calls complained of above used the same Caller ID number, none of them transmitted any Caller ID name information as required by law.  47 C.F.R. § 64.1601(e).

14. Mr. Sapan alleges on information and belief that Defendants also transmitted the other calls, which went unanswered, to pitch the same debt consultancy services.

15. None of the calls complained of were introduced by a live natural person as required by the California Consumer Legal Remedies Act.

### Liability of Real Estate Law Center, P.C.

16. During the prerecorded call detailed above, the prerecorded message itself identified RELC as the caller and advertised the commercial availability of its services.

### Liability of Chad T. Pratt

17. Defendant Chad T. Pratt is, and at all times herein mentioned was, the owner of Defendant RELC.

18. Mr. Pratt is the only listed officer, board member, or managing attorney for the RELC law firm in any public documents filed with the State of California.

19. Plaintiff has searched public records such as federal employer Identification Number registries and can find no record that RELC ever employed anyone other than Mr. Pratt in a managerial capacity, nor any evidence that anyone other than Mr. Pratt ever held any managerial role at the company.

20. Plaintiff alleges on information and belief that Defendant Chad T. Pratt made the violative calls, ordered them made, knew the calls described above were being made and did nothing, or was willfully and recklessly ignorant of the fact his company was making the calls described above.

### **Actual Harm & Willful and Knowing Conduct**

21. Mr. Sapan has been harmed by the junk calls complained of herein by the direct waste of his time during the calls themselves, the indirect waste of time in having to break from other important tasks and spend time catching up after these junk calls, the waste of telephone service which he and not Defendants must pay for, the costs of having to pursue legal remedies, and in the aggravation and consequent health effects of stress these illegal intrusions have caused.

22. Mr. Sapan has been harmed by the calls he did not answer by the direct waste of his time in having to check the Caller ID while he was busy in meetings or with other projects before declining the call, the indirect waste of time in having to break from other important tasks and spend time catching up after these junk calls, the waste of telephone service which he and not Defendants must pay for, the costs of having to pursue legal remedies, and in the aggravation and consequent health effects of stress these illegal intrusions have caused.

23. As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof, but no less than 15% of his monthly phone bills in August of 2014 and August of 2015 since Defendants calls constituted 15% or more of the total calls to his phone during the heights of their junk calling campaign in those two months.

24. Plaintiff alleges on information and belief that Defendants made the calls described above intentionally, in the sense that the number called was the one they meant to call in pitching their services.

25. Plaintiff alleges on information and belief that Defendants made the calls described above knowing that they were made in contravention of the TCPA and other telemarketing laws and regulations.

26. Defendant RELC is a California professional corporation and Defendant Chad T. Pratt is its managing attorney and both of them should have

known about the TCPA or that there were legal regulations regarding telemarketing in general.

# FIRST CAUSE OF ACTION
[TCPA Violation – Prerecorded Telesolicitation]

27. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

28. Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

29. Subdivision (b) (1) (B) of Section 227 of Title 47 of the United States Code makes it unlawful for any person to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order of the Commission under paragraph (2) (B);"

30. Defendants have called Plaintiff's residential telephone line, using an artificial or prerecorded voice to deliver a message, without Plaintiff's express permission during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658. These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it

is quite likely that Defendant has made many more violative calls to Plaintiff's residential telephone line. These calls were not made for any emergency purpose, nor were these calls exempt under subdivisions (a) and/or (c) of section 64.1200 of title 47 of the Code of Federal Regulations.

31. Subdivision (b)(3) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations of 47 U.S.C. §227 (b)(1)(B). Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both. If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

## SECOND CAUSE OF ACTION
[TCPA Violation – Do Not Call List]

32. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

33. Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

34. Subdivision (c) (2) of Section 64.1200 of Title 47 of the Code of Federal Regulations makes it unlawful for any person to "initiate any telephone solicitation" to "A residential telephone subscriber who has registered his or her

telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations".

35. At all times relevant to this complaint, Plaintiff had registered his residential telephone number on the national do-not-call registry maintained by the U.S. Government.

36. Defendants have called Plaintiff's residential telephone line for solicitation purposes during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658.  These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiff's residential telephone line.  These calls were not made in error, nor did Defendant have express permission from Plaintiff to call, nor did Defendant have a personal relationship with Plaintiff.  37 C.F.R. § 64.1200 (c) (i), (ii), & (iii).

37. Subdivision (c)(5) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations the national do-not-call registry rules promulgated thereunder. Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both.  If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

## THIRD CAUSE OF ACTION
[Violation(s) of California Civil Code § 1770 (a) (22) (A)]

38. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

39. California Civil Code § 1770 (a) (22) (A) requires that all recorded messages disseminated within the state be introduced by a live, natural voice giving the name of the entity calling, the name of the entity being represented, an address or phone number for that entity, and asking permission to play the recording. Defendant's illegal prerecorded telemarketing calls to Plaintiff failed to comply with this requirement.

40. As a proximate result of defendants' violation of Civil Code section 1770, plaintiff has suffered and continues to suffer damages in an amount not yet ascertained, to be proven at trial.

41. Civil Code section 1780 (a) (2) provides for an injunction against future conduct in violation of Civil Code section 1770.

42. Civil Code section 1780 (a) (4) provides for an award of punitive damages for violations of Civil Code section 1770.

43. Civil Code section 1780 (d) provides for an award of attorneys fees for plaintiffs harmed by California Civil Code §1770 (a) (22) (A) violations.

/ / /

/ / /

## FOURTH CAUSE OF ACTION
[Trespass to Chattel]

44. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

45. The conduct by defendants complained of herein, namely illegally calling Plaintiff's phone, constitutes an electronic trespass to chattel.

46. At no time did Plaintiff consent to this trespass.

47. As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof, but no less than 2% of his monthly phone bill in November of 2012 since Defendants calls constituted 2% or more of the total calls to his phone in the one month at the height of their junk calling campaign.

48. In making the illegal calls described above, defendants were guilty of oppression and malice, in that defendants made said calls with the intent to vex, injure, or annoy Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff therefore seeks an award of punitive damages.

## FIFTH CAUSE OF ACTION
[Engaging in Unfair Business Practices]

49. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

50. Because these telephone calls violate federal statutes, they are unlawful business practices within the meaning of section 17200 of the Business and Professions Code.

51. As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof, but no less than 2% of his monthly phone bill in November of 2012 since Defendants call constituted 2% or more of the total calls to his phone in the one month at the height of their junk calling campaign.

52. Section 17203 of the Business and Professions Code entitles Plaintiff to an injunction enjoining defendants from engaging in unfair or unlawful business practices.

WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as follows:

On the FIRST CAUSE OF ACTION:
1. For an award of $500.00 for each violation of 47 U.S.C. §227;
2. For an award of $1,500.00 for each such violation found to have been willful;

On the SECOND CAUSE OF ACTION:
3. For an award of $500.00 for each violation of 47 C.F.R. §64.1200 (c) (2);
4. For an award of $1,500.00 for each such violation found to have been willful;

/ / /

/ / /

Complaint

On the THIRD CAUSE OF ACTION:

    5. For compensatory damages according to proof;

    6. For preliminary and permanent injunctions, enjoining Defendants, and each of them, from engaging in activity in violation of California Civil Code §1770 (a) (22) (A);

    7. For punitive damages;

    8. For attorney's fees;

On the FOURTH CAUSE OF ACTION:

    9. For compensatory damages according to proof;

    10. For punitive damages;

On the FIFTH CAUSE OF ACTION:

    11. For preliminary and permanent injunctions, enjoining Defendants, and each of them, from engaging in unfair or unlawful business practices pursuant to section 17203 of the Business and Professions Code;

On ALL CAUSES OF ACTION:

    12. For attorney's fees pursuant to California Code of Civil Procedure § 1021.5.

    13. For costs of suit herein incurred; and

    14. For such further relief as the Court deems proper.

DATED: September 5, 2016        **PRATO & REICHMAN, APC**

/s/Christopher J. Reichman, Esq.
By: Christopher J. Reichman, Esq.
**Prato & Reichman, APC**
Attorneys for Plaintiff
PAUL SAPAN