# JS-6

1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| **PAUL SAPAN,**<br><br>        **Plaintiff,**<br><br>    **v.**<br><br>**REAL ESTATE LAW CENTER, P.C.,**<br>**and CHAD T. PRATT,**<br><br>        **Defendants.** | **Case No.: SACV 16-01701-CJC(JCGx)**<br><br><br>**ORDER GRANTING PLAINTIFF'S**<br>**MOTION FOR DEFAULT**<br>**JUDGMENT** |

## I.  INTRODUCTION

On September 13, 2016, Plaintiff Paul Sapan filed this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), against Defendants

Real Estate Law Center, P.C. ("RELC"), and Chad T. Pratt based on a prerecorded message he received from RELC.  (Dkt. 1 ["Compl."].)  Pratt was later dismissed from this action without prejudice.  (Dkts. 20, 21.)  Plaintiff now seeks a default judgment against RELC for $1,000 in damages (or $3,000 in treble damages), $2,600 in attorneys' fees, and $996 in costs.  (Dkt. 17; Dkt. 17-1 at 10.)  For the reasons discussed below, the Court GRANTS Plaintiff's motion for default judgment and awards all costs sought, but reduces the damages award and attorneys' fees.[1]

## II.  BACKGROUND

The Complaint alleges that on November 28, 2012, at 12:16 p.m. Defendant RELC placed a prerecorded call to Plaintiff's home phone telephone number in violation of the TCPA to offer debt consultancy services.  (Compl. ¶ 6.)  Plaintiff's telephone number has been on the Federal Government's national do-not-call registry since December 23, 2007.  (*Id*. ¶ 12; Dkt. 17-2 [hereinafter "Sapan Decl."] ¶ 6; *id*. Ex. 3.)

The TCPA makes it unlawful for any person "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order by the Commission . . ."  47 U.S.C. § 227(b)(1)(B).  Plaintiff alleges that the call from RELC violated this provision and entitles him to statutory damages of $500.  (Compl. ¶¶ 29–31; *see* 47 U.S.C. § 227(b)(3).)  Plaintiff also seeks treble damages pursuant to Section 227(b)(3),

---

[1]  Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for January 9, 2017, at 1:30 p.m. is hereby vacated and off calendar.

alleging that the call was willfully or knowingly made.  (Dkt. 28-1 at 11; Compl. at Prayer for Relief.)

The TCPA also provides a private right of action for violations of regulations promulgated by the Federal Communications Commission ("FCC") concerning the national do-not-call registry.  47 U.S.C. § 227(c)(5).  FCC regulations make it unlawful for any person to "initiate any telephone solicitation" to a "residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry."  47 C.F.R. § 64.1200(c)(2).  Plaintiff alleges that the call he received from RELC also violates this provision and entitles him to another $500 in statutory damages. (Compl. ¶¶ 35–37; 47 U.S.C. § 227(c)(5).)  He again seeks treble damages (pursuant to Section 227(c)(5)).  (Dkt. 28-1 at 11.)

In addition to violations of the two TCPA provisions discussed above, Plaintiff's Complaint pled trespass to chattel, unfair business practices under California Civil Code Section 17200 *et seq.*, and a violation of California Civil Code Section 1770(a)(22)(A) (requiring that recorded messages disseminated by telephone be introduced by a live, natural voice and that consent to play the message be obtained).  (*See generally* Compl.) For the purposes of his motion for default judgment, Plaintiff is not pursuing the trespass to chattels claim or the Section 17200 claim, and is only pursuing the Section 1770 claim insofar as it entitles him to attorneys' fees.  (Dkt. 17-1 at 9.)

## III.  ANALYSIS

### A.  Procedural Requirements for Default Judgment

Rule 55(b)(2) of the Federal Rules of Civil Procedure and Local Rule 55-1 "require that applications for default judgment set forth the following information: (1) when and

against which party default was entered; (2) the identification of the pleadings to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether the person is adequately represented; (4) that the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply; and (5) that notice of the application has been served on the defaulting party, if required." *Philip Morris USA Mc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003).

Here, Plaintiff has presented the required information: (1) the clerk entered default against RELC on October 13, 2016, (Dkt. 17 at 2; Dkt. 12); (2) the default was entered as to the Complaint, (*id.*); (3) Defendant is not an infant or incompetent person, (Dkt. 17 at 2); (4) the Soldiers' and Sailors' Relief Act of 1940 does not apply, (*id.*); and (5) Plaintiff's motion has been served upon Defendant, (*id.*). Accordingly, the procedural requirements for default judgment are satisfied.

## B. Adequacy of Service of Process

"[W]hen entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *Deckers Outdoor Corp. v. Ozwear Connection Pty Ltd.*, No. CV 14-2307 RSWL FFMX, 2014 WL 4679001, at *3 (C.D. Cal. Sept. 18, 2014) (quoting *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999)). In doing so, a court must determine whether service of process on the party against whom default judgment is requested was sufficient. *Id.* Here, Plaintiff filed declarations from a process server testifying that notice of the Summons and Complaint was effected on RELC. (Dkt. 10). Plaintiff's attorney also submitted a declaration affirming that RELC was served personally and by mail. (Dkt. 17-7 ¶ 4.) Finally, Plaintiff's counsel submitted an affidavit of service attesting that notice of the application for default judgment and the accompanying briefing and declarations were served on RELC by mail to its last known

address, as required by Local Rule 55-2 and Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure.  (Dkt. 17.)  Based on these sworn statements, the Court concludes that Plaintiff has established proper service.

## C.  Merits of the Motion for Default Judgment

After entry of default, a court may grant a default judgment on the merits of the case.  Fed. R. Civ. P. 55(a)–(b).  "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A court may consider the following factors articulated in *Eitel v. McCool*, 782 F.2d 1470, (9th Cir. 1986), in exercising such discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id*. at 1471–72.  Because default has been entered in this case, the Court must construe as true all of "the factual allegations of the complaint, except those relating to the amount of damages." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). Here, the *Eitel* factors weigh in favor of entry of a default judgment against RELC.

Turning to factor one, there would be prejudice to Plaintiff if his motion for default judgment were denied—he would have no remedy.  *Elektra Entertainment Group, Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005); *Righetti v. Authority Tax Services, LLC*, 14-cv-146, 2015 WL 4089799, at *2 (N.D. Cal. July 6, 2015).  The TCPA's provision of an award for statutory damages further supports the conclusion that Plaintiff

will be prejudiced and Defendant's conduct would not be properly deterred absent the entry of default judgment.  *Righetti*, 2015 WL 4089799, at *2.

The second and third *Eitel* factors, taken together, "require that a plaintiff state a claim on which the [plaintiff] may recover."  *Philip Morris*, 219 F.R.D. at 499.  RELC has not responded to the Complaint, so it is deemed to have admitted the well-pled facts in the Complaint.  *Elektra Entertainment*, 226 F.R.D. at 392.  The Complaint contains well-pled allegations of the specific call RELC made in violation of 47 U.S.C. § 227(b)(1)(B), the TCPA's prohibition on initiating a telemarketing call to a residential line using an artificial or recorded voice.  (Compl. ¶¶ 6–15, 27–31.)  The Complaint sets forth that this call was made for debt consultancy services, (*id.* ¶ 8), and thus not for the reasons exempted under the statute, 47 U.S.C. § 227(b)(1)(B).  Furthermore, Plaintiff submitted a written log documenting the call, (Dkt. 17-3), and redacted phone records from Vonage, his service provider, showing the date, time, and duration of the offending call, (Dkt. 17-4); both documents provide meaningful evidentiary support for his allegations.  (Dkts. 17-3, 17-4.)  Plaintiff has also adequately pled that the call violated 47 C.F.R. § 64.1200(c)(2), the TCPA regulation prohibiting calling numbers on the do-not-call list, and provided evidence that his residential telephone number was registered on the that list.  (Compl., ¶¶ 6–15, 32–37; Dkt 17-5.)

Plaintiff also sufficiently pleads RELC's violation of California Civil Code Section 1770(a)(22), which requires that robocalls be introduced by a live speaker.  (Compl. ¶¶ 6–15; Dkts. 17-3, 17-4.)  Plaintiff is entitled to attorneys' fees under California Civil Code Section 1780(e) because he is a prevailing plaintiff under Section 1770.  *See* Cal. Civ. Code § 1770(a).  For these reasons, the second and third *Eitel* factors weigh in favor of entry of default judgment against RELC.

//

With respect to the fourth *Eitel* factor, the sum of money at stake in this action is particularly appropriate for resolution on default judgment because TCPA damages are fixed by statute. *Accord Heidorn v. BDD Mktg. & Mgmt. Co.*, LLC, No. C-13-00229 JCS, 2013 WL 6571629, at *9 (N.D. Cal. Aug. 19, 2013), *report and recommendation adopted sub nom. Heidorn v. BDD Mktg. & Mgmt. Co., LLC*, No. 13-CV-00229-YGR, 2013 WL 6571168 (N.D. Cal. Oct. 9, 2013) (finding that the availability of statutory damages under the TCPA "weighs in favor of entry of default judgment" under the fourth *Eitel* factor).

The fifth *Eitel* factor—the possibility of a factual dispute—is neutral. The Court recognizes that there could be a question of fact about whether the call made to Plaintiff's residential line was in fact a robocall as opposed to a live call. Plaintiff has, however, offered phone records, a declaration, and other information that supports his central claims. He has made a *prima facie* case even with respect to claims that could be contested.

The sixth *Eitel* factor favors default judgment because there is no indication that RELC's default was due to excusable neglect; it has failed to appear despite having received notice of the Complaint.

The seventh factor likewise favors the entry of default judgment: while public policy favors decisions on the merits, *Eitel*, 782 F.2d at 1472, RELC's choice not to defend this action renders a decision on the merits "impractical, if not impossible," *PepsiCo Inc. v. California Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

The Court concludes that the *Eitel* factors weigh in favor of granting default judgment.

### D.  Damages, Costs, and Attorneys' Fees

Once a court concludes that default judgment is appropriate, it must determine what damages and other relief is warranted.  Plaintiffs carry the burden of proving their damages and requests for other relief.  *Philip Morris*, 219 F.R.D. at 498.

*1.  Damages.*  Plaintiff seeks statutory damages rather than damages for actual monetary loss.  The TCPA provides a private right of action for actual monetary loss or statutory damages of up to $500 for each violation of the TCPA or its accompanying regulations at issue here.  47 U.S.C. §§ 227(b)(3)(B),(c)(5)(B).  Plaintiff asserts that because the call violated both the TCPA's prohibition on unsolicited robocalls under Section 227(b) and the regulations concerning the national do-not-call registry promulgated under Section 227(c), the call constitutes two violations of the TCPA and merits two damage awards.  (Dkt. 17-1 at 10.)  The Court rejects this argument based on the language of Section 227(c), which permits a person who has "received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" to bring "an action to recover for actual monetary loss from *such a violation*."  47 U.S.C. § 227(c) (emphasis added).  This indicates that each *call* constitutes a single violation of the TCPA.  *Accord Heidorn*, 2013 WL 6571629, at *16.

Plaintiff also seeks treble damages for the call.  (Dkt. 17-1 at 7–9.) Sections 227(b)(3) and 227(c)(5) both contain language indicating that "[i]f the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph."  47 U.S.C. § 227(b)(3),(c)(5).  Plaintiff argues that "willfully or knowingly" does not rise to the level of scienter or knowledge of the

wrongfulness of the act; he maintains that the caller need only deliberately and intentionally mean to place the call.  (Dkt. 28-1 at 8–10.)

"[N]either the TCPA nor the FCC define the phrase 'willfully or knowingly.'  In this absence, courts have put forth a variety of standards interpreting the statutory text."  *Haysbert v. Navient Sols., Inc.*, No. CV 15-4144 PSG (EX), 2016 WL 890297, at *10 (C.D. Cal. Mar. 8, 2016) (internal citation omitted).  "Some courts have held that a defendant must know that the making of the call violates the TCPA, while others have held that a defendant need only know that the call is being made."  *Trindade v. Reach Media Grp., LLC*, No. 5:12-CV-04759-PSG, 2014 WL 3572132, at *5 (N.D. Cal. July 18, 2014).

The latter definition has some support in the caselaw and in other FCC-related statutes.  *See, e.g.*, *Sengenberger v. Credit Control Servs., Inc.*, No. 09C2796, 2010 WL 1791270, at *6 (N.D. Ill. May 5, 2010) ("While the TCPA does not define willful, the Communications Act of 1943, of which the TCPA is a part, defines willful as 'the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[ ], rule or regulation.'"); *Haysbert*, 2016 WL 890297, at *10 ("The Court agrees with those that have held the statute requires a defendant to intend or know that it was performing each of the elements of a TCPA claim (i.e. that it was making a call, to a person who did not provide prior express consent, using an automated system).").  Nonetheless, this reading of the "willfully or knowingly" standard is puzzling: if simple knowledge that one was making a call were sufficient to access enhanced damages, they would be available in nearly every case.

In any event, the award of enhanced damages is left to the courts' discretion, and this Court determines that damages of $500 is sufficient to both compensate Plaintiff for the call he received from RELC and to discourage RELC from engaging in such behavior

in the future.  The Court sees no need to award enhanced damages.  Additionally, the Court is disinclined to do so because RELC has not made an appearance in this action. Plaintiff argues that treble damages are appropriate because RELC's owner, Pratt, "is no stranger to breaking rules" because he has twice been suspended from the practice of law. (Dkt. 17-1 at 9; Dkt. 17-2 ¶¶ 14–15; *id.* Ex. 4.)  However, the Court need not accept as true Plaintiff's allegations relating to the amount of damages, *TeleVideo Sys., Inc.*, 826 F.2d at 917–18, and is not persuaded that Pratt's disciplinary history shows that RELC meant to make the call, (Dkt. 17-1 at 9).  Plaintiff is awarded $500 in damages under the TCPA.

    *2. Costs.*  Plaintiff's attorney has submitted a declaration seeking to recover $400 in filing fees, $85 for service fees, and $81 for chambers copies service (three copies at $27 each), for a total of $566.  (Dkt. 17-7 ¶¶ 7–8.)  These costs are reasonable.  The Court awards them.

    *3. Attorneys' Fees.*  Plaintiff's attorney also seeks attorneys' fees under California Civil Code Section 1780(e) (in connection with the Section 1770(a)(22) violation), and he has submitted an itemized invoice indicating that he has spent 6.5 hours working on this case at a billing rate of $400 per hour, for a total of $2,600.  (Dkt. 17-8.)  However, Local Rule 55-3 provides for a schedule of attorneys' fees in default judgment cases. The Rule states that an "attorney claiming a fee in excess of this schedule may file a written request at the time of entry of the default judgment to have the attorney's fee fixed by the Court.  The Court shall hear the request and render judgment for such fee as the Court may deem reasonable."  L.R. 55-3.  However, Plaintiff has not indicated why the Court should depart from the schedule, nor does the Court find a reason to do so here. Plaintiff and his attorney regularly file these types of TCPA lawsuits before this Court and utilize form complaints and motions, which no doubt make the process of litigation simpler and faster for Plaintiff's counsel.

Under the fee schedule, where the damages award is between $0.01 and $1,000, attorneys are entitled to a fee of 30% of the total award, with a minimum of $250. Plaintiff's total damages award is $500, and 30% of $500 is $150, which falls below the minimum $250 amount provided by the Local Rule.  Thus, under the fee schedule Plaintiff is entitled to $250 in fees.

## V.  CONCLUSION

Plaintiff's motion for default judgment is GRANTED.  The court awards $500 in damages, $566 in costs, and $250 in attorneys' fees.

DATED:      December 21, 2016

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE